VAQUERÍA GARROCHALES, INC., y/o ANDRÉS RAMOS REYES, demandantes y recurridos, *v.* ASOCIACIONES PECUARIAS DE PUERTO RICO, INC., COMMONWEALTH INSURANCE CO., demandados y recurrente la última.

*Número:* R-76-391     *Resuelto:* 15 de febrero de 1978

*Géigel, Silva, Soler Favale & Arroyo,* abogados de Commonwealth Insurance Co.; *M. Martínez Umpierre,* abogado de los recurridos.

PER CURIAM: ▮ Dispone el Art. 108 de la Ley de Evidencia, 32 L.P.R.A. sec. 1971:

"La parte que sostiene la afirmativa en la cuestión deberá presentar la evidencia para probarla; todo el peso de la prueba, por lo tanto, recae sobre la parte que resultaría vencida de no presentarse evidencia por ninguno de los contendores. La prueba de una obligación corresponde a la parte que exige su cumplimiento, y la prueba de su extinción corresponde a la parte que la niega."

Aparece de la exposición narrativa de la prueba que el demandante afirmó que, además de las tres vacas que se murieron en el 1974 y que son objeto de la reclamación, se murieron dos adicionales, en el 1971 se le murieron tres vacas y en el 1973 seis. Declaró además "que no se llevó el alimento

a analizar pero que el representante de la Federación (demandada) le pidió una muestra. Sin embargo, no le dio la muestra al Dr. Pinto, el veterinario para que la analizara. Dijo que alimentaba las vacas con yerba de pastoreo y pangola y que cuando se enfermaron las vacas la yerba estaba madura. Declaró, específicamente que no sabe de qué murieron las vacas. A las vacas no se les hizo autopsia y el testigo ni siquiera le sugirió al Dr. Pinto que lo hiciera."

Es evidente que el demandante no probó su caso. Si bien es verdad que conforme a lo expresado en *Murcelo* v. *H.I. Hettinger & Co.*, 92 D.P.R. 411, 426–427 (1965) "solo se exige la certeza moral, o un grado de prueba que produzca convicción en un ánimo no prevenido", en este caso no se cumplió con ese requisito. Murieron varias vacas en otros años, seis el año anterior, y es de conocimiento general que todas comen alimento concentrado. Por otro lado, fácil le hubiera sido al demandante utilizar su veterinario y practicar la autopsia a uno de los animales. El gasto incurrido sería recobrable si se determinara que el alimento fue el causante del envenenamiento. Ciertamente ésta sería mejor prueba que la circunstancial en la que se pretende descansar para sostener la sentencia. En la propia obra citada en la sentencia se expresa: "La evidencia circunstancial se emplea comúnmente para establecer la relación causal en casos de responsabilidad por productos de consumo, porque en la mayoría de los casos se carece de prueba directa." Hursh & Bailey, *American Law of Products Liability 2d*, Vol. I, Ed. 1974, sec. 1:32, pág. 105. Pero como hemos expresado antes, fácil hubiera sido presentar la prueba de la autopsia para sostener su reclamación y cumplir con las disposiciones del precepto evidenciario citado anteriormente. Es de conocimiento general que las vacas, como todo ser viviente, se enferman y mueren por causas ajenas a la ingestión de alimento. Sin que se vulnere la regla de que el comprador de un producto dañado puede descansar su reclamación en prueba circunstancial, consideramos insu-

ficiente la presentada en este caso en cuanto no señala con apreciable confiabilidad el defecto del alimento como causa eficiente del daño.

Por otro lado, nada de lo expresado en *Mendoza* v. *Cervecería Corona, Inc.*, 97 D.P.R. 499 (1969), autoriza a aplicar la doctrina de responsabilidad absoluta en una situación de hechos como la que presenta el caso de autos.

*Se revocará la sentencia que dictó el Tribunal Superior, Sala de Arecibo en 20 de agosto de 1976.*

El Juez Presidente Señor Trías Monge disintió en opinión separada a la cual se une el Juez Asociado Señor Irizarry Yunqué. El Juez Asociado Señor Rigau no intervino.

—O—

Opinión disidente del Juez Presidente, Señor Trías Monge, a la que se une el Juez Asociado Señor Irizarry Yunqué.

San Juan, Puerto Rico, a 15 de febrero de 1978

Vaquería Garrochales, Inc. y Andrés Ramos Reyes demandaron a la Federación de Asociaciones Pecuarias de Puerto Rico, Inc. y a Commonwealth Insurance Co. por daños que su ganado sufrió por alimento dañado suplido por la Federación. El tribunal de instancia declaró con lugar la demanda y condenó a las demandadas recurrentes al pago de $10,052.00, más las costas.

La Commonwealth Insurance ha recurrido ante nos, fundando su solicitud de revocación de sentencia en el argumento que la parte demandante no descargó adecuadamente el peso de la prueba. Disiento respetuosamente del fallo mayoritario, el cual acepta tal contención.

Andrés Ramos Reyes, único testigo en el juicio, declaró que para setiembre y octubre de 1974 tenía una ganadería que operaba bajo el nombre de Corporación Vaquería Garrochales, Inc.; que compraba el alimento para su negocio a la Federación demandada; que para la referida época algunas

vacas enfermaron; que habló con un veterinario y con Efraín, un representante de la Federación; como consecuencia de la conversación con Efraín la Federación recogió el alimento el 26 de setiembre; que el 28 de octubre cayeron once vacas al suelo de las cuales murieron tres y ocho recuperaron; que visitó nuevamente a un representante de la Federación el cual procedió otra vez a recoger el alimento; que no se llevó el alimento a analizar pero que el representante le pidió una muestra; que no se les hizo autopsia a las vacas; que desde el segundo incidente se le ha comprado todo el alimento a otra empresa y no se le han vuelto a enfermar las vacas.

En *Murcelo* v. *H. I. Hettinger & Co.*, 92 D.P.R. 411, 426, 427 (1965), afirmamos:

"Sabemos que la parte que sostiene la afirmativa en la cuestión deberá presentar la evidencia para probarla. —Arts. 1168, Código Civil y 108 y 162, par. 5, Ley de Evidencia. Pero, por regla general, la ley no exige aquel grado de prueba que, excluyendo la posibilidad de error, produzca absoluta certeza; porque tal prueba—asegura la propia ley—es rara vez posible. Sólo se exige la certeza moral, o un grado de prueba que produzca convicción en un ánimo no prevenido. No se tiene que probar el caso con exactitud matemática mediante evidencia directa, ni de modo concluyente, ni que produzca un grado tan perfecto de convicción que no admita la posibilidad de la prueba en contrario...."

Véase: *Consolidated Express* v. *Maryland Cas. Co.*, 102 D.P.R. 480, 484 (1974).

La prueba desfilada por la parte demandante recurrida estableció un caso *prima facie* respecto a la relación de causalidad entre la enfermedad del ganado y el alimento ingerido. La presunción derivable del testimonio prestado pudo haber sido rebatida por la parte recurrente, si es que el producto servido estaba en buenas condiciones. La Federación tomó una muestra del alimento. Si el análisis practicado le era favorable, ¿por qué no lo presentó? Si no analizó el producto que determinó recoger, práctica poco prudente en el

caso de productores de alimentos, aceptó el riesgo de su inacción en ocasión del juicio. *Murcelo v. H. I. Hettinger & Co.*, supra, 432.

Contrario a lo que sostiene la recurrente, está definitivamente establecido que no es indispensable que la parte demandante presente prueba pericial dirigida a demostrar el estado defectuoso del alimento. Hursh & Bailey, *American Law of Products Liability 2d*, Vol. I, Ed. 1974, secs. 1:24 y 1:32, págs. 77–78 y 105–108.

Confirmaría la sentencia apelada.