Cordero, Juez Ponente
*1128 TEXTO COMPLETO DE LA SENTENCIA
Se nos solicita la revisión de una sentencia dictada por el Tribunal de Primera Instancia, Sala Superior de Bayamón, en la cual se declaró sin lugar la demanda en daños y perjuicios instada por los aquí apelantes.
I
Se trata de una acción en reclamación de daños y perjuicios interpuesta por Samuel Martínez (en adelante Don Samuel), su esposa Gloria Rivera y la sociedad de gananciales constituida por ambos (en adelante los apelantes) contra el Municipio de Dorado y su aseguradora Admiral Insurance Company (en adelante los apelados). Los daños reclamados ocurrieron como consecuencia de haberse caído Don Samuel en una escalera del terminal de carros públicos, localizado en la carretera principal del pueblo de Dorado, entre la Estación de Bomberos y el Banco Popular.
Los apelantes alegaron en la demanda que:

"2.3 Las escaleras del referido edificio están desprovistas de pasamanos en uno de los lados. Mientras Don Samuel se disponía a bajar las escaleras del terminal en dirección a los servicios sanitarios otras personas venían subiendo por el lado donde había pasamanos lo cual obligó a Don Samuel a continuar su descenso por el lado desprovisto de pasamanos. En ese momento Don Samuel por causas desconocidas perdió el balance y cayó. Aunque Don Samuel trató de evitar la caída se vió [sic] impedido de hacerlo debido al defecto de las escaleras antes descrito.

2.5 La escalera, donde ocurrió el accidente que se describe en la presente demanda, adolece de los siguientes defectos, todos ellos en violación de los reglamentos de construcción pertinentes:

i.en los dos primeros escalones del primer nivel, no existe pared, baranda o pasamano;

ii. no tiene pasamanos en la pared Sur, donde la escalera tiene un ancho variable desde 681/2 pulgadas hasta 89 pulgadas;

iii. no tiene pasamanos intermedio en el área de la escalera que tiene más de 89 pulgadas de ancho;

iv.tiene falta de uniformidad en la [sic] contrahuellas de los escalones; y,

v: tiene poca iluminación, aún[sic] durante horas del día.

2.6 En conjunto, el alto tráfico de personas en dichas escaleras y lós defectos de la misma, mencionados en el párrafo anterior, crearon una condición de peligrosidad injustificada para el peatón que fue la causa directa, próxima y exclusiva del accidente antes descrito y fue la causa de los 
*1129
daños que sufriera el co-demandante, Don Samuel, y por ende la causa de los daños sufridos por los demás co-demandantes."

Los apelantes alegaron además, que Don Samuel recibió serios golpes y lesiones en todo su cuerpo y que sufrió una fractura en su cadera izquierda, teniendo que ser hospitalizado y sometido a una intervención quirúrgica. Reclamaron daños y perjuicios, sufrimientos físicos y angustias mentales, pérdida de ingresos, gastos médicos, honorarios de abogado e intereses legales.
El 11 de enero .de 1995 el tribunal.apelado, sua sponte fragmentó el señalamiento del juicio advirtiendo a las partes que adjudicaría en primer término lo referente a la responsabilidad y que luego, de ser necesario, señalaría la vista de daños. Llegada la vista para adjudicar lo referente a la responsabilidad, al concluir la presentación de la prueba de los apelantes, los apelados sometieron el caso sin presentar evidencia testifical. El tribunal de instancia procedió a desestimar la demanda instada y concluyó que la caída de Don Samuel se debió únicamente a la falta de cuidado de él mismo y no a culpa o negligencia alguna de los apelados. Como parte de sus conclusiones de hechos se encuentran las siguientes:
"ó. El día 1ro. de febrero de 1992, entre 7:15 a 8:00 A.M., don Samuel se encontraba en el piso o nivel superior del terminal, esperando su tumo. Al sentir deseos de ir al baño, Don Samuel utilizó las escaleras, bajando los primeros escalones por el lado derecho. Cuando llega al descanso en las mismas, debido a que otras personas subían las escaleras también por ese lado derecho, se cambió al lado izquierdo y continuó bajando las escaleras. En los últimos dos escalones bajando, sufrió la caída objeto de esta acción.

8.En cuanto al por qué de su caída, don Samuel no puede precisar la razón de la misma. Cree que sufrió un desbalance por la forma de las escaleras. Piensa que fue por el desperfecto en las escaleras porque hay escalones más altos que otros. Es pertinente señalar que desde el inicio del pleito, el demandante nunca pudo precisar la razón de su caída. En el párrafo 2.3 de la demanda original se alega que "don Samuel, por causas desconocidas, perdió el balance y cayó". Idéntica alegación se hace en el párrafo 2.3 de la demanda enmendada. Contestación similar ofreció en la deposición que, mediante examen oral, le fuera tomada el 16 de noviembre de 1993 y con la que fue Don Samuel confrontado durante el juicio por la parte demandada. Al preguntársele por qué se había caído, contestó que a lo mejor había perdido el balance. Admitió no saber a ciencia cierta porqué se cayó. Meramente, que pudo haber sido por lo mal construidos que están los escalones en el lugar del accidente.

9. En cuanto al lugar específico en las escaleras donde sufrió la caída, indicó que cree haber perdido el balance en los últimos dos escalones, según bajaba las escaleras por el lado izquierdo. Sin embargo, se observa en las fotografías que le fuesen mostradas que el penúltimo escalón, según se bajan las escaleras, está en perfectas condiciones y no tiene desperfecto alguno. Nada existía en dicho escalón que pudiese haber ocasionado pérdida de balance al demandante.

10. El propio perito de la parte demandante, Ing. Silvino Díaz González, concluye que sólo la altura de la contrahuella del primer escalón en el primer nivel (o sea, el último escalón según se bajan las escaleras) varía desde 6 1/4 de pulgadas hasta 10 pulgadas, una diferencia de 3 3/4 de pulgadas. No obstante, los restantes escalones, incluyendo el penúltimo escalón donde el demandante piensa o cree haber perdido el balance, tiene una altura correcta y uniforme con los demás escalones.

11. El perito de la parte demandante concluyó que la causa principal de la caída fue la mala planificación, diseño y construcción de la escalera del terminal. Señaló ciertas violaciones al Reglamento de Edificación de la Junta de Planificación, específicamente al Artículo III-D-4.0, inciso 1, sobre Pasamanos, inciso 2 del mismo Artículo, sobre Pasamanos Intermedios, y Artículo II1-D2.0, sobre Huellas y Contrahuellas. Sin embargo, dicho perito testificó que no conocía la versión del demandante sobre el accidente. Leyó la demanda, y obtuvo información sobre la versión del demandante de un informe de hospital, el cual no pudo identificar ni recuerda su contenido. Aunque se reunió con el demandante en el terminal el día 2 de julio de 1992, para identificar las escaleras no obtuvo de él información alguna sobre la caída. El demandante se limitó a llevarlo hasta las 
*1130
escaleras y señalarle dónde se había caído.

13. Aunque el perito de la parte demandante señaló otras fallas en las escaleras en controversia, nada hay en el récord que relacione dichas deficiencias con la caída. En ese sentido, atestó estar de acuerdo por el ingeniero Ruiz, Exhibit 7 del propio demandante. Por consiguiente, dichas deficiencias no pueden ser consideradas como la causa del accidente por el cual se reclama."
No conformes, los apelantes presentaron recurso de apelación imputándole al foro a quo la comisión de los siguientes errores:

"Erró el Honorable Tribunal de Instancia al desestimar la reclamación de epígrafe toda vez que la prueba claramente demostró que estaban presentes todos los elementos de una causa de acción de daños y perjuicios.

Erró el Honorable Tribunal de Instancia al no consignar, ni considerar en su Sentencia ciertas presunciones que por ley operaban en el pleito de epígrafe.

Erró el Honorable Tribunal de Instancia al desestimar la demanda, a la luz de los hechos probados y la jurisprudencia de caídas por escaleras, actuando con pasión, perjuicio [sic] y parcialidad."

II
En el presente recurso, los errores señalados se dirigen en síntesis a impugnar la conclusión del tribunal de instancia sobre la ausencia de responsabilidad de la parte apelada. Por lo tanto, de entrada debemos establecer si existe nexo causal entre los alegados defectos de la escalera donde Don Samuel sufrió el accidente y su caída.
El Tribunal Supremo de Puerto Rico ha actuado en los casos sobre caídas en escaleras con particular minuciosidad en su descargue de su misión revisadora. Malavé v. Hosp. de la Concepción, 100 D.P.R. 55, 63 (1971). Nuestro más alto foro judicial, en Goose v. Hilton, 79 D.P.R. 532 (1956), expresó que: "no hay obligación de proteger al visitante contra peligros que le son conocidos, o que son tan aparentes que puede razonablemente esperarse que los descubra y se proteja", aunque el visitante tiene derecho "a suponer que se ha ejercido el cuidado debido para que el local sea seguro para él, y no viene obligado... a estar a la expectativa para descubrir posibles defectos". En estos casos de escaleras, salvo circunstancias especiales, el dueño del edificio no es responsable porque la existencia de una escalera por donde una persona ha de transitar es aparente y obvia, y es de esperarse que las personas ejerzan pmdencia y cuidado al subir o bajar escaleras. Santaella Negrón v. Licari, 83 D.P.R. 887, 900-901 (1961).
En el caso de autos, el tribunal apelado concluyó que los daños ocasionados a los apelantes no fueron el producto de los defectos de construcción de la escalera en controversia. Ciertamente no se desfiló prueba demostrativa de que la causa real de los daños ocasionados a los apelantes fuera el desnivel del último escalón de la escalera. De acuerdo al propio testimonio de Don Samuel, éste sufrió la caída en el penúltimo escalón el cual, según la evidencia desfilada y creída por el Foro sentenciador, no tenía defecto alguno de construcción. La obligación de presentar esa evidencia recaía principalmente sobre los demandantes, aquí apelantes. Ortiz Torres, et al., Reece Corp. v. Ariela, Inc., 122 D.P.R. 270, 286 (1988); Vaquería Garrochales, Inc. v. A.P.P.R., 106 D.P.R. 799, 801 (1978).
Sin embargo, los apelantes arguyen también que la falta de pared, baranda o pasamano en el área de la escalera donde Don Samuel se cayó es una causa directa del accidente. Don Samuel en cuestión testificó que:

"...busqué de dónde agarrarme, pero no encontré, porque aquello estaba ahí...eh.. dos escalones que están en el. aire, o en otras palabras, que no tiene de dónde uno agarrarse. Ni pasamanos tampoco." 

Por su parte, el perito de los demandantes, en su informe rendido al tribunal concluyó haber encontrado en el diseño y construcción de la escalera unas violaciones al Reglamento de Construcción *1131 de lá Junta de Planificación. Uno de los defectos encontrados fue la ausencia de pasamano en uno de los lados de la escalera. Dicho defecto fue confirmado por el informe pericial de la demandada-apelada Municipio de Dorado. No está en controversia que la referida escalera tiene un ancho variable de 68 1/2 pulgadas hasta 89 pulgadas y que en el área de la escalera donde ocurrió el accidente hay un pasamano en un lado de la escalera, pero no en el otro lado. El Reglamento de Edificación de la Junta de Planificación, en su Art. III-D-4-0, exige que escaleras con un ancho mayor de cuarenta y cuatro (44) pulgadas tengan un pasamano a cada lado de la escalera.
III
Nuestro Tribunal Supremo ha expresado que la omisión dé proveer una baranda o pasamano en el lugar del accidente por sí no constituye pmeba de negligencia a menos que tal omisión constituya una violación de un estatuto u ordenanza. Torres v. Metropolitan School, 91 D.P.R. 1, 5 (1964). Ahora bien, el hecho de que no se cumpla con alguna ley o reglamento o norma establecida no es motivo para que se tenga que responder civilmente por un daño, a menos que exista relación causal entre dicha violación y el daño causado. Ortiz Torres v. K & A Developers, Inc., _ D.P.R. _ (1994), 94 J.T.S. 78, pág. 11992; Pacheco v. A.F.F., 112 D.P.R. 296, 302 (1982). Al amparo del Artículo 1802 del Código Civil, 31 L.P.R.A. see. 5141, todo daño o perjuicio da lugar a la correspondiente reparación si concurren tres elementos: (1) se establece la realidad de un daño sufrido; (2) existe un nexo causal entre el daño y la acción u omisión de otra persona; y (3) dicho ¿cto u omisión es culposo o negligente. Monitor Arzola v. Sociedad Legal de Gananciales, _ D.P.R. _ (1995), 95 J.T.S. 77, pág. 960.
En el caso de autos, y según el testimonio no controvertido de Don Samuel, al perder éste el balance trató de agarrarse de algo, no encontrando nada, al no existir el pasamano exigido por ley en esa área de la escalera, cayendo finalmente Don Samuel. Sabemos que la mera existencia de defectos en la escalera no es suficiente para imponerle responsabilidad a los apelados. Sin embargo, la ley exige el proveer pasamanos en ambos lados de la escalera aquí en controversia. Don Samuel en el caso ante nos, trató de agarrarse de un pasamano y al no existir éste, cayó y sufrió el accidente. Notamos que el juez de instancia no hizo determinación alguna sobre la credibilidad, o falta de ella, en lo testificado por Don Samuel en cuanto a éste no poder agarrarse del pasamano por no existir el mismo. Por tal razón, y luego de hacer un análisis integral del expediente completo, el resultado a que llegó el foro a quo nos produjo una "insatisfacción" e intranquilidad de conciencia de si se hizo o no justicia en el presente caso. Pueblo v. Cabán Torres, 117 D.P.R. 645, 652 (1986).
Ciertamente es norma reiterada que un tribunal apelativo no debe intervenir con las determinaciones de hecho que hace el tribunal de instancia y a sustituir su propio criterio por el del juzgador, a menos que se demuestre que dicho foro actuó con pasión, prejuicio o parcialidad. Vélez v. Srio. de Justicia, 115 D.P.R. 533, 545 (1984). Ahora bien, aunque sabemos que el arbitrio del juzgador de hechos es respetable, el mismo no es absoluto. Id. Una apreciación errónea de la prueba no tiene credenciales de inmunidad frente a la función revisora del tribunal apelativo. Id. Además, en cuanto a la prueba pericial desfilada mediante informes, este Tribunal puede adoptar su propio criterio. Pueblo v. Montes Vega, 118 D.P.R. 164, 173 (1986).
Por lo tanto, bajo las circunstancias concurrentes de este caso, resolvemos que la causa del accidente fue en primer lugar, el desbalance que sufrió Don Samuel por razones desconocidas, y en segundo lugar, la ausencia de pasamano en el lado de la escalera donde ocurrió el accidente. Incidió el foro a quo al desestimar la demanda.
Obviamente, Don Samuel incurrió en negligencia al bajar por la escalera (la cual había utilizado en numerosas ocasiones) sin esperar que subieran las personas que usaban el pasamano para luego él usar el lado de la escalera que tenía pasamano. Le incumbe al Tribunal de Primera Instancia determinar el grado de negligencia comparada en la cual incurrió Don Samuel, teniendo en cuenta que éste tuvo la última oportunidad de evitar el accidente, y que el desbalance no se debió a defecto alguno en la escalera según se evidencia en las fotografías.
Las conclusiones a que hemos llegado hacen innecesario resolver los errores restantes apuntados por los apelantes.
*1132 IV
En virtud de lo anteriormente expuesto, se revoca la sentencia apelada, y se devuelve el caso al Tribunal de Primera Instancia para la continuación de los procedimientos ulteriores y resolución final que vayan de acuerdo con lo aquí resuelto.
Lo acuerda y manda el Tribunal y lo certifica la Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General
ESCOLIOS 97 DTA 71
1. Véase la pág. 46 de la Transcripción del Juicio en su fondo. Apéndice Conjunto, exhibit 35, pág. 263.
2. Apéndice Conjunto, exhibit 3, págs. 12-13.
3. Véase la pág. 3 del Informe pericial preparado por Emiliano H. Ruiz, perito de la parte co-demandada Municipio de Dorado del 13 de diciembre de 1994. Apéndice Conjunto, exhibit 29, pág. 143.