# 99 DTA 203

**TRIBUNAL DE CIRCUITO DE APELACIONES**
**CIRCUITO REGIONAL IV DE AGUADILLA Y MAYAGÜEZ**
**PANEL I**

JUANITA JIMENEZ ORTIZ
Apelante

v.

CHRYSLER CORPORATION, SU COMPAÑIA ASEGURADORA; EMERITO ESTRADA, INC.;
VICTOR D. BABILONIA GALARZA; SU ESPOSA Y LA SOCIEDAD LEGAL DE GANANCIALES
COMPUESTA POR AMBOS
Apelados

Núm. KLAN-99-00179

San Juan, Puerto Rico, a 10 de junio de 1999

Panel integrado por su Presidenta, la Juez López Vilanova
el Juez Córdova Arone y la Juez Feliciano Acevedo

Córdova Arone, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

La Sra. Juanita Jiménez Ortiz (Sra. Jiménez) solicita la revocación de una sentencia dictada por el Tribunal de Primera Instancia, Sala Superior de Mayagüez, mediante la cual dicho foro desestimó sumariamente una demanda sobre daños y perjuicios presentada en contra de Chrysler Motors Corporation (Chrysler). Por los fundamentos que pasamos a exponer más adelante, se confirma la sentencia apelada. Veamos los hechos pertinentes.

# I

El 4 de julio de 1992 ocurrió un accidente automovilístico en el cual el vehículo que conducía la Sra. Jiménez fue impactado por el auto manejado por el Sr. Víctor Babilonia Galarza (Sr. Babilonia). El sistema de bolsas de aire *("air bags")* del vehículo de la Sra. Jiménez, se activó, explotó y emanó ciertos gases que la intoxicaron.

El 30 de junio de 1993, la Sra. Jiménez presentó una demanda sobre daños y perjuicios en contra de Chrysler y el Sr. Babilonia. Le imputó negligencia a Chrysler al construir el vehículo con un sistema de seguridad de bolsas de aire con gases tóxicos y al no advertirle que al activarse el referido sistema, éste emanaría gases tóxicos. La Sra. Jiménez solicitó el resarcimiento de las angustias mentales que sufrió a consecuencia de la inhalación de los gases. Además, le reclamó al Sr. Babilonia el pago de los daños que le ocasionó a su vehículo.

Como parte del descubrimiento de prueba, la Sra. Jiménez le notificó un interrogatorio a Chrysler. Luego de Chrysler presentar su contestación al interrogatorio, la Sra. Jiménez presentó una moción en la cual objetó las contestaciones al mismo. Las partes acordaron con posterioridad que la Sra. Jiménez sometería un interrogatorio refraseado, el cual fue contestado por Chrysler. Nuevamente la Sra. Jiménez objetó las respuestas ofrecidas por Chrysler.

Así las cosas, el 19 de mayo de 1998 se celebró una conferencia para ordenar el trámite procesal del caso de autos. La Sra. Jiménez expresó que estaba considerando presentar prueba pericial para sustentar sus alegaciones referentes a la negligencia de Chrysler. El Tribunal de Primera Instancia le concedió a la Sra. Jiménez treinta (30) días para que notificara el nombre de su perito y el informe suscrito por éste. Dispuso el tribunal apelado que una vez recibido dicho informe, Chrysler venía obligada a notificar a su vez el informe de su perito. Luego de transcurrido dicho término, Chrysler solicitó que se excluyera la prueba pericial de la Sra. Jiménez. El Tribunal de Primera Instancia le concedió un término final a ésta, el cual expiraba el 17 de noviembre de 1998, para anunciar el nombre de su perito y presentar el informe suscrito por éste.

Sin embargo, el 15 de noviembre de 1998, la Sra. Jiménez presentó una *"Moción para que se Admita la Doctrina de Res Ipsa Loquitur"*. El 24 de noviembre del mismo año Chrysler presentó dos mociones conjuntamente. En una se opuso a que se le permitiera a la Sra. Jiménez aplicar la doctrina de *res ipsa loquitur* al caso de autos y argumentó que ésta tenía que demostrar sus alegaciones de defecto en el sistema de bolsas de aire mediante la presentación de prueba pericial. En la otra moción, Chrysler solicitó al Tribunal de Primera Instancia que no le permitiera a la Sra. Jiménez presentar la referida prueba, dado su incumplimiento con las órdenes dictadas por dicho foro. El 7 de diciembre de 1998, el Tribunal de Primera Instancia dictó una orden en la cual prohibió a la Sra. Jiménez utilizar prueba pericial debido al continuo incumplimiento con las órdenes emitidas por dicho foro, a los efectos de anunciar el nombre de su perito y presentar el informe suscrito por éste.

El 23 de diciembre de 1998, al celebrarse la conferencia con antelación al juicio, el Tribunal de Primera Instancia expresó que consideraría las mociones presentadas por las partes como solicitudes de sentencia sumaria y que resolvería por escrito en cuanto al planteamiento esgrimido por la Sra. Jiménez relativo al descubrimiento de prueba; a saber, su objeción a las contestaciones al interrogatorio formuladas por Chrysler.

El 26 de febrero de 1999, el Tribunal de Primera Instancia dictó sentencia sumaria a favor de Chrysler. Concluyó que no concurrían en el caso de autos los requisitos necesarios para la aplicación de la doctrina de *res ipsa loquitur*, por lo que la Sra. Jiménez carecía de prueba suficiente para probar sus alegaciones.

Inconforme, la Sra. Jiménez presentó un escrito de apelación ante este Tribunal, imputándole al foro apelado haber errado al: (1) no ordenarle a Chrysler que le sometiera el nombre de su perito y el informe pericial redactado por éste; (2) no resolver la moción en la cual objetó las contestaciones al interrogatorio formuladas por Chrysler;

(3) no permitir la aplicación de la doctrina de *res ipsa loquitur* y (4) desestimar sumariamente la demanda debido a que no existía prueba para sustentar las alegaciones de negligencia.

## II

Discutiremos conjuntamente los señalamientos de error tercero y cuarto. Nos corresponde decidir si el Tribunal de Primera Instancia actuó correctamente al dictar sentencia sumaria desestimatoria por insuficiencia de prueba y al determinar que la doctrina de *res ipsa loquitur* no era de aplicación al caso de autos.

Como vimos con anterioridad, la Sra. Jiménez presentó una moción en la cual solicitó al Tribunal de Primera Instancia que aplicara en el caso de autos la doctrina de *res ipsa loquitur*. Dicho foro concluyó que no concurrían los requisitos necesarios para la aplicación de la referida doctrina.

Es norma ampliamente conocida que, como regla general, recae sobre la parte demandante en un caso de daños y perjuicios donde alegue haber sufrido daños como consecuencia de la negligencia de la parte demandada, el peso de la prueba respecto a dicha alegada negligencia. *Matos v. Adm. Servs. Médicos* de P.R., 118 D.P.R. 567 (1987); *Vaquería Garrochales, Inc. v. A.P.P.R.*, 106 D.P.R. 799 (1978). La parte demandante tiene la obligación de poner al Tribunal en condiciones de poder hacer una determinación clara y específica sobre negligencia mediante la presentación de prueba a esos efectos. *Cotto v. C.M. Ins. Co.,* 116 D.P.R. 644, 650-651 (1985).

El demandante queda relevado de esta obligación en aquellos casos en que es de aplicación la doctrina de *res ipsa loquitur*, que significa *"la cosa habla por sí misma"*. Cuevas Segarra, *La Responsabilidad Civil y el Daño Extracontractual en Puerto Rico*, **Publicaciones J.T.S.,** San Juan, 1993, pág. 141.

Para que la doctrina sea aplicable, es necesario que el demandante establezca la ocurrencia de los siguientes requisitos: (1) el accidente debe, de ordinario, no ocurrir a no ser por la negligencia de otra persona; (2) debe causarlo una agencia o instrumentalidad bajo el control exclusivo del demandado y (3) no debe ocurrir debido a acción voluntaria alguna del demandante. *Nieves López v. Rexach Bonet,* 124 D.P.R. 427, 437 (1989); *Soc. de Gananciales, Etc. v. Presbyterian Hosp.,* 88 D.P.R. 391, 397-398 (1963).

Una vez probada la concurrencia de dichos requisitos queda establecida una inferencia permisible de negligencia a favor de la parte demandante. *Nieves López v. Rexach Bonet, supra.* El tribunal tiene la facultad de concluir que hubo negligencia. Sin embargo, no está obligado necesariamente a concluir que existió la negligencia por parte del demandado. *Marrero, Marrero, Ríos v. Albany Ins. Co.,* 124 D.P.R. 827 (1989). Según indica este caso, a las págs. 831-832:

*"Unicamente cuando el demandante establece los hechos que justifican la aplicación de la doctrina es que éste queda relevado de cumplir con la regla general que le exige probar la negligencia de la parte demandada, pasando entonces a esta última el peso de demostrar que empleó el debido cuidado".* (Citas omitidas).

Finalmente, se ha establecido jurisprudencialmente que la doctrina no es de aplicación cuando *"puede existir alguna otra causa probable del accidente de la cual pueda inferirse que no hubo negligencia." Nieves López v. Rexach Bonet, supra.*

Al considerar las circunstancias particulares del caso de autos a la luz del derecho antes reseñado, forzoso resulta concluir que el tribunal de instancia actuó correctamente al determinar que no procedía la aplicación de la doctrina de *res ipsa loquitur* debido a que no concurrían los requisitos indispensables para su aplicación. El vehículo de la Sra. Jiménez estaba bajo su control al momento de ocurrir el accidente y no se puede concluir taxativamente que no medió acción voluntaria o negligente de ésta.

El Tribunal de Primera Instancia consideró que, dado que no era de aplicación al caso de autos la referida doctrina, la Sra. Jiménez venía obligada a probar la negligencia de Chrysler. O sea, probar que el producto era defectuoso y que el defecto le ocasionó un daño. *Aponte v. Sears Roebuck de P.R, Inc.*, 144 D.P.R. ___, **98 J.T.S. 12.**

Ahora bien, ¿con qué evidencia pretendía la Sra. Jiménez probar sus alegaciones de negligencia con respecto a Chrysler? Como expusimos en la relación de hechos contenida en el primer acápite de esta sentencia, el Tribunal de Primera Instancia le dio amplia oportunidad a la Sra. Jiménez para que anunciara el perito que utilizaría para probar sus alegaciones de defecto en el sistema de bolsas de aire y presentara el informe suscrito por éste. La Sra. Jiménez se cruzó de brazos y se limitó a presentar una moción para que se aplicara al caso de autos la doctrina. de *res ipsa loquitur*. El Tribunal de Primera Instancia, ante el incumplimiento de la Sra. Jiménez, le prohibió utilizar la antes dicha prueba pericial como sanción por el incumplimiento con las órdenes dictadas por el foro apelado a esos efectos. La única prueba en manos de la Sra. Jiménez para probar sus alegaciones de defecto la constituye su testimonio y el de su doctora, la cual testificaría en torno a los daños físicos sufridos por ésta.

Ante este cuadro, resulta inescapable concluir que procedía dictar sentencia sumaria por insuficiencia de la prueba. Chrysler persuadió al Tribunal de Primera Instancia de que no era necesario celebrar una vista evidenciaria, que la Sra. Jiménez no contaba con prueba suficiente para probar que el sistema de bolsas de aire era defectuoso y que, como cuestión de derecho, procedía que se desestimara la reclamación. *Medina v. M.S. & D. Química P.R., Inc.*, 135 D.P.R. ___, **94 J.T.S. 52.**

Más aún, Chrysler demostró que en el caso de autos se llevó a cabo un descubrimiento de prueba completo, adecuado y apropiado, o sea, que exploró concienzudamente la posibilidad de la existencia de evidencia admisible. *Medina v. M.S. & D. Química P.R., Inc., Id.* Durante las gestiones relacionadas con el descubrimiento de prueba, Chrysler le notificó un interrogatorio a la Sra. Jiménez y depuso a ésta y a su neumóloga.

Finalmente, la Sra. Jiménez no presentó una moción en oposición a que se dictara sentencia sumaria por insuficiencia de la prueba. Esto es, no demostró que existía evidencia para probar los elementos esenciales de su caso. Tampoco adujo que la moción era prematura porque el descubrimiento de prueba había sido inadecuado o a medias. *Medina v. M.S. & D. Química P.R., Inc., supra.* El Tribunal de Primera Instancia actuó correctamente al dictar sentencia sumaria a favor de Chrysler.

En atención a lo expresado, concluimos que los señalamientos de error tercero y cuarto no fueron cometidos. Por lo tanto, procede el confirmar la sentencia dictada por el Tribunal de Primera Instancia. Debido al resultado al cual hemos llegado, es innecesario discutir los señalamientos de error primero y segundo.

### III

Por los fundamentos antes expuestos, se confirma la sentencia apelada.

Lo acordó y manda el Tribunal y lo certifica la Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General