Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL X

| HÉCTOR RUBÉN MÁRQUEZ VILLANUEVA | | Apelación procedente del Tribunal de Primera Instancia, Sala Superior de Carolina |
|---|---|---|
| *Apelante* | | |
| | KLAN202300708 | |
| v. | | Civil Núm.: CA2020CV01898 (408) |
| WANDA MARGARITA BURGOS RODRÍGUEZ Y OTROS | | |
| *Apelados* | | Sobre: Acción Resolutoria |

Panel integrado por su presidenta, la Juez Lebrón Nieves, la Juez Barresi Ramos y la Jueza Santiago Calderón

Santiago Calderón, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 31 de octubre de 2023.

Comparece ante nos el señor Héctor Rubén Márquez Villanueva (señor Márquez Villanueva o parte apelante) y solicita que revoquemos la *Sentencia* emitida el 14 de julio de 2023, notificada el 17 de julio de 2023, por el Tribunal de Primera Instancia, Sala Superior de Carolina (TPI o foro primario). Mediante el referido dictamen, el foro primario declaró No Ha Lugar la demanda instada por la parte apelante y, a su vez, le impuso un pago de honorarios por temeridad por la suma de $10,000.00 con un interés legal de 8.00%, a computarse desde la fecha en que se dictó la sentencia y hasta que sea satisfecha.

Por los fundamentos que exponemos a continuación, **confirmamos** la *Sentencia* apelada.

**I.**

Según surge del expediente ante nos, el 8 de septiembre de 2020, la parte apelante presentó una *Demanda*[1] contra el señor

---
[1] Véase apéndice del recurso, págs. 13-28.

Número Identificador
SEN2023_____

Mario Peguero y la señora Wanda Margarita Burgos Rodríguez (en conjunto, parte apelada). En esta, la parte apelante adujo que, el 21 de octubre de 2014, otorgó ante el notario Jaime Alberto Santos Santiago la Escritura Número Ocho sobre Compraventa Asumiendo Hipoteca (Escritura Número Ocho), mediante la cual vendió a la parte apelada un bien inmueble localizado en Trujillo Alto, Puerto Rico, por el precio de $126,000.00: habiendo pagado $5,000.00; entregado $30,000.00 al momento del otorgamiento; y asumiendo una hipoteca por $96,000.00 que gravaba la propiedad. Añadió que la referida escritura incluía como condición que si la parte apelada no pagaba la hipoteca, el negocio jurídico quedaría sin efecto y dicha parte tendría que devolver la titularidad de la propiedad. Seguidamente, la parte apelante alegó que la parte apelada dejó de pagar la hipoteca, por lo que adeudaba la suma de $2,892.75 por concepto de atrasos al 14 de abril de 2020. Además, reclamó la suma de $50,000.00 en concepto de daños y angustias mentales.

El 17 de noviembre de 2020, la parte apelada presentó *Contestación a Demanda y Reconvención*[2]. En su alegación responsiva, la parte apelada negó la mayoría de las alegaciones en su contra y presentó varias defensas afirmativas. En cuanto a la reconvención, alegó que la cláusula sexta de la Escritura Número Ocho es contraria a la ley, la moral y el orden público por entender que les pretende despojar de la propiedad sin un debido proceso de ley. La parte apelada sostuvo que ha cumplido con su obligación de pago. Por tanto, solicitó la suma de $100,000.00 por concepto de daños y angustias mentales, así como el pago de $15,000.00 por costas, gastos y honorarios de abogado.

El 27 de noviembre de 2020, la parte apelante presentó su *Contestación a Reconvención*[3] en la que negó las alegaciones de la

---

[2] Véase apéndice del recurso, págs. 29-42.
[3] Véase apéndice del recurso, págs. 43-44.

reconvención y reiteró que la parte apelada incumplió con los pagos de la hipoteca. De esta forma, alegó tener derecho a rescindir un acuerdo válido incumplido por la parte apelada.

El 11 de diciembre de 2021, la parte apelada compareció mediante *Contestación Enmendada a la Demanda y Reconvención*. El 14 de diciembre de 2021, la parte apelante presentó una *Contestación a Reconvención Enmendada*.

Luego de varios trámites procesales, el 29 de junio de 2023, el TPI celebró el juicio en su fondo. El 14 de julio de 2023, notificada el 17 de julio de 2023, el Tribunal emitió una *Sentencia*[4] en la que declaró *No Ha Lugar* la demanda instada por la parte apelante y las demás reclamaciones incoadas en el caso. Particularmente, el TPI concluyó lo siguiente:

> Los documentos presentados ante el tribunal demuestran que desde el 21 de octubre de 2014 la parte demandada cumplió cabalmente con los pagos de la hipoteca. Asimismo, la evidencia documental demuestra que el 13 de octubre de 2021 la parte demandada refinanció el inmueble y liberó a la parte demandante de la hipoteca que gravaba el mismo, tal como acordado en la escritura de compraventa, a pesar de todos los eventos exógenos e imprevisibles que ocurrieron durante el período de cinco años.
>
> Tomando en consideración lo manifestado por la representación legal de la parte demandante durante el juicio, que constituye una admisión a la luz de la Regla 803(c) de las de Evidencia, en el sentido de que se completó la transacción de compraventa, resolvemos que no existe controversia en cuanto a la titularidad del inmueble a favor de la parte demandada y procedemos a evaluar la existencia de daños contractuales.
>
> La parte demandante, que tenía el peso de la prueba para demostrar la existencia de tales daños; no presentó ninguna evidencia, ni probó mediante preponderancia de prueba, la existencia de algún daño contractual. [...][5]

Finalmente, por entender que la presentación de la demanda fue una frívola y carente de evidencia, el foro primario le impuso a la parte apelante el pago de honorarios por temeridad por la suma de $10,000.00 con un interés legal de 8.00% a computarse desde la fecha en que se dictó la sentencia y hasta que sea satisfecha.

---

[4] Véase apéndice del recurso, págs. 1-12.
[5] Véase apéndice del recurso, págs. 10-11.

Inconforme, el 11 de agosto de 2023, la parte apelante acudió ante nos mediante recurso de *Apelación* y le imputó al TPI la comisión de los siguientes errores:

> Erró el TPI en la apreciación de la prueba testifical al no realizar un análisis justo y balanceado de la misma.

> Erró el TPI al imponer honorarios de abogado en las circunstancias de este caso.

El 14 de agosto de 2023, la parte apelante presentó una *Moción de término para someter transcripción de la prueba oral.* Por consiguiente, el 17 de agosto de 2023, este foro emitió una *Resolución* en la que autorizó la solicitud para someter la transcripción de la prueba oral y dispuso sobre los términos correspondientes para ello. Conforme con nuestra Resolución*,* la parte apelante tenía hasta el 27 de septiembre de 2023 para presentar la transcripción de la prueba oral ante este Tribunal.

El 8 de septiembre de 2023, la parte apelada presentó *Alegato en Oposición al Recurso de Apelación por Héctor Rubén Márquez Villanueva.*

Transcurrido en exceso el término concedido sin que la parte apelante haya sometido la transcripción de la prueba oral ni solicitado prórroga para ello, el 19 de octubre de 2023, emitimos una *Resolución* en la que dimos por perfeccionado el recurso ante nuestra atención.

Con el beneficio de la comparecencia de las partes, procedemos a resolver.

**II.**

**-A-**

En lo pertinente, la Regla 19 del Reglamento del Tribunal de Apelaciones dispone lo siguiente:

Regla 19- Reproducción de la prueba oral:

> (A) Cuando la parte apelante haya señalado algún error relacionado con la suficiencia de la prueba testifical o con la apreciación errónea de ésta por parte del tribunal apelado, someterá una transcripción, una

> exposición estipulada o una exposición narrativa de la prueba.
>
> (B) La parte apelante deberá acreditar dentro del término de diez (10) días siguientes a la presentación de la apelación, que el método de reproducción de la prueba oral que utilizará es el que propicia la más rápida dilucidación del caso, pudiendo el Tribunal determinar el método que alcance esos propósitos. [...][6].

Nuestro Reglamento nos confiere autoridad para desestimar, a iniciativa propia, un recurso de apelación o denegar un auto discrecional siempre y cuando concurra cualesquiera de los motivos consignados en el inciso (B) de la Regla 83[7]. Entre los motivos reconocidos en la referida Regla, se encuentra que el recurso no se haya presentado o proseguido con diligencia o de buena fe.

Por otro lado, nuestro Tribunal Supremo ha expresado que el incumplimiento con las disposiciones reglamentarias sobre los recursos a ser presentados, tanto en el Tribunal de Apelaciones, como en el Tribunal Supremo, podría conllevar la desestimación del recurso[8]. Las normas que rigen el perfeccionamiento de todos los recursos apelativos deben observarse rigurosamente[9]. En este ejercicio, nuestro Tribunal Supremo ha sido enfático en que **"los abogados vienen obligados a cumplir fielmente el trámite prescrito en las leyes y reglamentos aplicables para el perfeccionamiento de los recursos ante nos"**[10]. (Énfasis nuestro). Esta norma es necesaria para que se coloque a los tribunales apelativos en posición de decidir correctamente los casos, contando con un expediente completo y claro de la controversia que tienen ante sí[11]. En este contexto, nuestro Más Alto Foro ha puntualizado que "[s]ólo procede que se desestime un recurso por incumplimiento al Reglamento, cuando éste haya provocado un "impedimento real y

---

[6] 4 LPRA Ap. XXII-B, R. 19.
[7] 4 LPRA Ap. XXII-B, R. 83.
[8] *Pueblo v. Rivera Toro*, 173 DPR 137, 145 (2005); *Cárdenas Maxán v. Rodríguez*, 119 DPR 642, 659 (1987).
[9] *Rojas v. Axtmayer Ent., Inc.,* 150 DPR 560, 564 (2000).
[10] *Matos v. Metropolitan Marble Corp.,* 104 DPR 122, 125 (1975).
[11] *Hernández Maldonado v. Taco Maker,* 181 DPR 281, 290 (2011).

meritorio para que el tribunal pueda atender el caso en los méritos"[12].

**-B-**

En nuestro ordenamiento jurídico "las obligaciones nacen de la ley, de los contratos y cuasicontratos, y de los actos y omisiones ilícitos o en que intervenga cualquier género de culpa o negligencia"[13]. A tenor, las obligaciones que nacen de la culpa o negligencia se rigen por lo establecido en el Artículo 1802 del Código Civil de Puerto Rico de 1930[14]. Dicho artículo señala que, "[e]l que por acción u omisión causa daño a otro, interviniendo culpa o negligencia, está obligado a reparar el daño causado. La imprudencia concurrente del perjudicado no exime de responsabilidad, pero conlleva la reducción de la indemnización"[15].

El propósito del referido artículo es ofrecerle una compensación a la persona que sufra daños y lesiones provocadas por los actos u omisiones ilícitas en que intervenga cualquier género de culpa o negligencia de otra persona[16]. Ahora bien, para que prospere esta acción civil es necesario que la parte demandante demuestre, mediante preponderancia de la prueba, (1) que ha habido un acto u omisión culposa o negligente; (2) que hay una relación causal entre el acto y el daño sufrido; y (3) que se ha causado un daño real al reclamante[17].

Nuestro Tribunal Supremo ha definido la culpa o negligencia, como la falta del debido cuidado que consiste en no anticipar y

---

[12] *Pueblo v. Rivera Toro,* 173 DPR 137, 146 (2008); *Román Velázquez v. Román Hernández,* 158 DPR 163 (2002).

[13] Art. 1042 del Código Civil de Puerto Rico, 31 LPRA ant. sec. 2992. El referido Código Civil de Puerto Rico de 1930, 31 LPRA ant. sec. 1 *et seq.*, fue derogado por el Código Civil de Puerto Rico de 2020, 31 LPRA sec. 5311 *et seq.*, aprobado mediante la Ley Núm. 55 de 1 de junio de 2020, según enmendada, con vigencia desde el 28 de noviembre de 2020. Sin embargo, para propósitos de la adjudicación de este recurso, citamos el Código Civil derogado debido a que los hechos en controversia surgieron durante su vigencia.

[14] Art. 1802 del Código Civil de Puerto Rico, 31 LPRA ant. sec. 5141.

[15] *Íd.*

[16] H. M. Brau del Toro, *Daños y Perjuicios Extracontractuales en Puerto Rico,* Segunda Edición, Publicaciones JTS, San Juan, Puerto Rico, 1986, pág. 4.

[17] *Toro Aponte v. E.L.A.,* 142 DPR 464, 4 (1997).

prever las consecuencias racionales de un acto, o de la omisión de un acto que una persona prudente y precavida habría de prever en las mismas circunstancias[18]. Así pues, la figura de previsibilidad es un elemento esencial de la responsabilidad por culpa o negligencia[19]. Según el Máximo Foro, la previsibilidad "[no se extiende a todo peligro imaginable que concebiblemente pueda amenazar la seguridad sino a aquél que llevaría a una persona prudente a anticiparlo"[20].

Nuestro ordenamiento jurídico dispone que la previsibilidad está atada al concepto de causalidad[21]. Dicho concepto es conocido como la doctrina de causalidad adecuada y conforme a la jurisprudencia, este dispone que, "no es causa toda condición sin la cual no se hubiera producido el resultado, sino la que ordinariamente lo produce según la experiencia general"[22]. A tales efectos, la figura de causalidad adecuada es un componente imprescindible en una reclamación en daños y perjuicios, ya que "es un elemento del acto ilícito que vincula al daño directamente con el hecho antijurídico"[23].

Cónsono con lo anterior, en nuestra jurisdicción, la figura de negligencia no se presume y quien la alega debe probarla[24]. No obstante, en los casos de daños y perjuicios, la referida figura no se tiene que probar mediante prueba directa y se puede probar mediante prueba circunstancial[25].

**-C-**

La Regla 44.1 de Procedimiento Civil[26] regula la imposición de honorarios de abogado por temeridad. La conducta que amerita la

---

[18] *Valle v. ELA*, 157 DPR 1, 18 (2002).
[19] *SLG Colon-Rivas v. ELA*, 196 DPR 855, 864 (2016).
[20] *Íd.*
[21] *Rivera v. S.L.G. Díaz*, 165 DPR 408, 422 (2005).
[22] *Sociedad de Gananciales v. Jerónimo Corp.*, 103 DPR 127, 134 (1974).
[23] *Rivera v. S.L.G. Díaz, supra.*
[24] *Vaquería Garrochales, Inc. v. A.P.P.R.*, 106 DPR 799, 803 (1978).
[25] *Colón y Otros v. K-Mart Y Otros*, 154 DPR 510, 522 (2001).
[26] 32 LPRA Ap. V, R. 44.1.

imposición de honorarios de abogado por temeridad es aquella que haga necesario un pleito que se pudo evitar. El propósito de la imposición de honorarios de abogado en casos de temeridad es establecer una penalidad a un litigante perdidoso que, por su terquedad, obstinación, contumacia e insistencia en una actitud desprovista de fundamentos, obliga a la otra parte a innecesariamente asumir las molestias, gastos, trabajos e inconvenientes de un pleito[27]. Las instancias, en las que el Tribunal Supremo de Puerto Rico ha reconocido que una parte actúa de forma temeraria, se constituyen cuando: (1) contesta la demanda y niega responsabilidad total pero posteriormente la acepta, (2) se defiende injustificadamente de la acción, (3) cree que la cantidad reclamada es exagerada y es la única razón que tiene para oponerse a las peticiones del demandante, y no admite su responsabilidad pudiendo limitar la controversia a la fijación de la cuantía a ser concedida, (4) se arriesga a litigar un caso del que se desprende prima facie su responsabilidad, y (5) niega un hecho que le consta es cierto a quien hace la alegación[28]. La imposición de honorarios de abogado por temeridad es una facultad discrecional del tribunal que no será variada, a menos que la misma constituya un abuso de discreción[29].

### III.

En su primer señalamiento de error, el señor Márquez Villanueva cuestiona la apreciación de la prueba testifical por parte del TPI al emitir la *Sentencia* en la que declaró No Ha Lugar la demanda incoada por éste. Particularmente, el señor Márquez Villanueva aduce que no hubo prueba en contrario de que, debido

---

[27] *Andamios de Puerto Rico, Inc. v. Newport Bonding,* 179 DPR 503, 519-520 (2010); *Blas v. Hosp. Guadalupe,* 146 DPR 267, 334 (1998); *Fernández v. San Juan Cement Co., Inc.,* 118 DPR 713, 718 (1987).
[28] *COPR v. SPU,* 181 DPR 299, 342 (2011); *Blas v. Hosp. Guadalupe, supra,* pág. 335; *Fernández v. San Juan Cement Co., Inc., supra,* pág. 719.
[29] *Maderas Tratadas v. Sun Alliance,* 185 DPR 880, 926 (2012); *Andamios de Puerto Rico, Inc. v. Newport Bonding, supra,* pág. 520.

al incumplimiento de la parte apelada con los términos del contrato de compraventa, se le denegó una tarjeta de crédito y perdió una relación sentimental, lo cual le ha causado daños y angustias mentales.

Tras realizar un examen minucioso del expediente ante nuestra consideración, constatamos que actuó correctamente el TPI al declarar No Ha Lugar la demanda instada por la parte apelante, puesto que no identificamos una relación causal entre las actuaciones u omisiones de la parte apelada y los alegados daños sufridos por la parte apelante. Veamos.

Según surge de la *Sentencia* apelada, el foro primario determinó que la parte apelante realizó una admisión al afirmar que se completó la transacción de compraventa, por consiguiente, el contrato de compraventa otorgado entre las partes se extinguió por cumplimiento. Además, el TPI, concluyó como sigue:

> La parte demandante [aquí parte apelante], que tenía el peso de la prueba para demostrar la existencia de tales daños; no presentó ninguna evidencia, ni probó mediante preponderancia de prueba, la existencia de algún daño contractual. El testimonio de la parte demandante, que se limitó a mencionar de manera general que los daños fueron: tensión causada por la situación, que no le aprobaron una tarjeta de crédito de [Walmart] y que se vió afectada una relación que tenía; lo expresado no es evidencia suficiente que mueva al tribunal a determinar que exista la existencia de tales daños contractuales; mucho menos que exista un nexo entre esos alegados daños y la parte demandada.[30]

Toda vez que no sometió una trascripción de la prueba oral como requiere la Regla 19 del Reglamento del Tribunal de Apelaciones, *supra,* de modo que nos pusiera en posición para evaluar la determinación del juzgador, no intervendremos con la apreciación de la prueba, la adjudicación de credibilidad, ni sustituiremos el criterio utilizado por el foro primario en el ejercicio de su discreción. La parte apelante tampoco probó que el foro primario haya actuado con pasión, prejuicio, parcialidad, craso

---

[30] Véase apéndice del recurso, pág. 11.

abuso de discreción, o haya incurrido en error manifiesto que nos intime a descartar las determinaciones de hecho y las conclusiones de derecho consignadas. En virtud de lo antes expuesto, no intervendremos con el valor probatorio que le adjudicó el TPI a la prueba documental y testifical admitida.

En cuanto al segundo señalamiento de error, al igual que el primero, es imprescindible contar con la transcripción de la prueba oral para evaluar si el TPI abusó de su discreción al imponerle a la parte apelante honorarios de abogado por temeridad ante la presunta demanda frívola y carente de evidencia. La parte apelante no nos colocó en posición de determinar si hubo o no abuso de discreción por parte del foro primario, por lo que estamos impedidos de intervenir con la decisión impugnada.

**IV.**

Por los fundamentos antes expuestos, **confirmamos** la *Sentencia* apelada.

Notifíquese.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones